## State v. Jomaa
*[Cite as 8 AOA 282]*

*Case No. L-90-026*
*Lucas County, (6th)*
*Decided November 30, 1990*

Anthony G. Pizza, Prosecuting Attorney, and Louis E. Kountouris, for Appellee.

Henry B. Herschel, for Appellant.

HANDWORK, P.J.

This case is an appeal from a final judgment of the Lucas County Court of Common Pleas. Appellants, each having been previously convicted of an offense in the state of Ohio and having been successfully terminated from their respective probationary terms by the Lucas County Adult Probation Department, did on November 9, 1989, file motions seeking relief from disability pursuant to R.C. 2923.14. On December 8, 1989, these motions were summarily denied without a hearing. It is from this decision that the instant appeal is prosecuted. A single assignment of error is set forth on behalf of each appellant to wit:

"THE TRIAL COURT ERRED AND DENIED THE DEFENDANTS DUE PROCESS OF LAW BY OVERRULING THE DEFENDANTS MOTION FOR RELEASE FROM DISABILITY WITHOUT AFFORDING THE DEFENDANTS A HEARING UNDER O.R.C. 2923.14."

R.C. 2923.14 states, in pertinent part:

"(D) *Upon hearing,* the court may grant the applicant relief pursuant to this section, if all of the following apply:

"(1) The applicant has been fully discharged from imprisonment, probation, and parole, or, if he is under indictment, has been released on bail or recognizance;

"(2) The applicant has led a law-abiding life since his discharge or release, and appears likely to continue to do so;

"(3) The applicant is not otherwise prohibited by law from acquiring, having, or using firearms." R.C. 2923.14(D)(1), (2), (3). (Emphasis added.)

The appellants contend very simply that the essence of due process dictates that an opportunity to be heard be provided when the rights of an individual are at stake. The statute in question provides an opportunity for individuals previously convicted of a crime in this state to regain certain individual rights which had been forfeited upon their conviction. The ability to regain these rights is based upon a showing of certain factors enumerated by the statute. Appellants further assert that the words "upon hearing" mean that a hearing must be held in order for evidence to be received by the trier of fact when considering whether or not the statutory elements of R.C. 2923.14(D) have been satisfied.

Appellee argues that a hearing is not required and that the motion itself must contain all of the essential factors required by the statute to even be considered by the court. Appellee further contends that at least one of the motions is inaccurate and that neither satisfies the statute in that the elements of the statute are not set forth within the motions.

Upon consideration of the arguments of counsel, the facts and the applicable law, this court interprets the language of R.C. 2923.14 to wit: "(D) Upon hearing, ***" to mean that a hearing must be held by the trial court following the filing of a motion seeking relief from disability. At that hearing, an opportunity for both sides to present evidence must be afforded relevant to the factors enunciated in the statute. Due process so dictates! Accordingly, appellants' assignment of error is well-taken.

This court therefore finds that appellants were prejudiced from having a fair hearing, and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court with instructions that the court hold a hearing and receive evidence on the respective motions filed by appellants. Costs to appellee.

*Judgment Reversed.*

HANDWORK, P.J., ABOOD, J., and RESNICK, J., concur.